IN THE UNITED STATES DISTRICT COURT OF
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ORAWIN TECHNOLOGY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HEALTHCARE DELIVERED, LLC, ) <br> ) <br> Defendant. ) | Case No. _____ |

## COMPLAINT FOR DAMAGES

Pursuant to 28 U.S.C. § 1332, Fed. R. Civ. P. 8(a), and other governing rules and case law, Plaintiff, Orawin Technology, LLC ("Orawin" or "Plaintiff"), by and through its attorneys, Winget, Spadafora & Schwartzberg, LLP, hereby files and presents its Complaint for Damages ("Complaint") against Defendant, Healthcare Delivered, LLC ("Healthcare Delivered" or "Defendant"), and alleges and states as follows:

## STATEMENT OF CLAIM

1. This diversity action seeks damages for breaches of contract, anticipatory repudiations, and other wrongful conduct committed by Healthcare Delivered in failing and refusing to pay significant amounts owed to Orawin for its technology consulting services. As a result of Healthcare Delivered's misconduct, Orawin has suffered substantial compensatory damages consisting of at least: (a) over $300,000.00 owed by Healthcare Delivered to Orawin under written contracts; and (b) over $400,000.00 for additional services performed by Orawin under a separate verbal contract. Orawin, therefore, brings this action to recover these amounts, as well as prejudgment interest, costs, and any additional relief that this Court deems just and appropriate based on Healthcare Delivered's egregious refusals to honor its duties to Orawin.

1

## PARTIES, JURISDICTION AND VENUE

2. Orawin is in the business of providing specialized technology consulting and systems-programming services, including software development, database designing, web hosting, and the registration and maintenance of domain names. Orawin is a limited-liability company organized under the laws of the State of Delaware, and the sole member of Orawin – Oleg Shulzhenko – is a citizen of, and domiciled in, the State of Illinois.

3. Healthcare Delivered is in the business providing healthcare services. Healthcare Delivered is a limited-liability company organized under the laws of the State of Florida. The following members of Healthcare Delivered are citizens of, and domiciled in, the State of Florida: Tony B. Lane, and Cassi Layne. The following member of Healthcare Delivered is a citizen of, and domiciled in, the State of California: Larry Spitcaufsky. There are no other members of Healthcare Delivered other than those identified herein. Accordingly, there are no members of Healthcare Delivered who are citizens of, and domiciled in, the State of Illinois.

4. This Court has jurisdiction over the parties and this Complaint pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to Orawin's claims in this case occurred in this District; and/or Healthcare Delivered is subject to personal jurisdiction in this District at the time this action is commenced.

## STATEMENT OF FACTS

**Orawin Entered Into Its Consulting Services Agreement With SeniorDent.**

6. On or around April 1, 2013 (the "Effective Date"), Orawin entered into a Consulting Services Agreement ("Agreement") with SeniorDent, Inc. ("SeniorDent"). A true-and-correct copy of the Agreement is attached hereto as Exhibit A. The Agreement defined SeniorDent as the "Client." (Agreement, Exh. A attached hereto, at p. 1.)

7. The Agreement defined the parties' "Engagement" as follows: "Client hereby engages Orawin to provide, and Orawin agrees to provide, all services required to maintain the 'SeniorDent' dental and vision operating systems. To provide all modifications to the system as determined by Client. These functions encompass, membership activities, billing processes, report generation (routine and special), system security, and data back-up." (Agreement, Exh. A attached hereto, at § 2.)

8. The Agreement defined the "Compensation for Services" as follows: "Client shall pay Orawin a monthly fee of $11,000.00. Client shall pay Orawin for all Consulting Services rendered within thirty (30) days of receipt by Client of an invoice from Orawin." (Agreement, Exh. A attached hereto, at § 4.)

9. The Agreement defined the "Term and Termination" as follows, in pertinent part: "This Agreement shall commence on the Effective Date, and subject to the termination rights set below, shall remain in effect for three years ('Initial Term'). Upon expiration of the Initial Term, this Agreement will automatically renew for two years with the option of the Client to terminate the agreement by paying 50% of any fees due for the remaining period." (Agreement, Exh. A attached hereto, at § 10.)

**SeniorDent Assigned Its Rights and Duties under the Agreement to Healthcare Delivered, which Amended the Agreement With Orawin.**

10. After the Effective Date of the Agreement (April 1, 2013), SeniorDent engaged in two (2) merger/acquisition transactions. As a result of those transactions, SeniorDent became a subsidiary of Healthcare Delivered, and SeniorDent assigned its rights and duties under the Agreement to Healthcare Delivered.

11. On or around August 1, 2015, Orawin and Healthcare Delivered entered into a First Amendment to Consulting Services Agreement (the "Amendment"). A true-and-correct copy of the Amendment is attached hereto as Exhibit B.

12. Section 1 of the Amendment provided as follows, in pertinent part: "By executing this Amendment, both Orawin and Client agree and acknowledge that the rights and obligations of Senior Dent, Inc., arising under the terms of the Consulting Agreement, have been assigned to Healthcare Delivered, LLC. Orawin and Client acknowledge and agree that all references in the Consulting Agreement to Senior Dent, Inc. and/or the term 'Client' shall be deemed to refer to Healthcare Delivered, LLC." (Amendment, Exh. B attached hereto, at § 1.)

13. The Amendment amended (and increased) the "Compensation for Services" under the Agreement as follows: "Commencing August 2015, Client shall pay Orawin a monthly fee of $14,500.00 for all Consulting Services provided by Orawin pursuant to the terms of the Consulting Agreement. Client shall pay Orawin for all Consulting Services rendered within thirty (30) days of receipt by Client of an Invoice from Orawin." (Amendment, Exh. B attached hereto, at § 2.)

14. The Amendment included a provision with the heading "Agreement in Force," which stated as follows: "In all other respects, the Consulting Agreement shall remain in full force and effect." (Amendment, Exh. B attached hereto, at § 5.)

**Orawin Performed Services Under the Agreement and Amendment, But Healthcare Delivered Failed and Refused to Pay for Those or Future Consulting Services.**

15. On and after August 1, 2015, Orawin performed Consulting Services for Healthcare Delivered under the Agreement and Amendment.

16. Healthcare Delivered, however, has failed and refused to pay Orawin for Consulting Services as required by the Agreement and Amendment.

17. Specifically, Healthcare Delivered has failed and refused to pay Orawin for Consulting Services performed in October 2015 and November 2015.

18. Attached hereto as Exhibit C is a true-and-correct copy of the invoice for Orawin's Consulting Services performed in October 2015. Healthcare Delivered has failed and refused to pay any of the amounts owed under that invoice within thirty (30) days as required by the Agreement and Amendment.

19. Attached hereto as Exhibit D is a true-and-correct copy of the invoice for Orawin's Consulting Services performed in November 2015. Healthcare Delivered has failed and refused to pay any of the amounts owed under that invoice within thirty (30) days as required by the Agreement and Amendment.

20. In or around November 2015, Healthcare Delivered also made specific and definitive statements that it would not satisfy its duties under the Agreement and Amendment, including its duties to pay for prior and future Consulting Services performed by Orawin.

21. Specifically, in or around November 2015, Healthcare Delivered informed Orawin and its counsel that Healthcare Delivered: (a) did not intend to pay Orawin for prior or future Consulting Services; and (b) did not believe that it was bound by the Agreement or Amendment because its rights purportedly were "assigned" back to SeniorDent.

22. Healthcare Delivered's refusals to pay Orawin for prior and future Consulting Services, however, are baseless and unjustified, and Healthcare Delivered's rights and duties under the Agreement and Amendment were not "assigned" back to SeniorDent or any other person or entity. In addition, Orawin has not consented, in writing or otherwise, to any such purported assignment of Healthcare Delivered's duties under the Agreement and Amendment.

23. Orawin has satisfied its duties under the Agreement and Amendment before Healthcare Delivered failed and refused to pay for Orawin's Consulting Services.

**Orawin Also Performed Additional Services for Healthcare Delivered Beyond the Scope of the Agreement and Amendment, Based On Promises by Healthcare Delivered of Compensation Under a New Agreement, But Healthcare Delivered Again Refused to Pay.**

24. Commencing in or around December 2014, Orawin performed additional services for Healthcare Delivered that were beyond the scope of the Engagement defined in Section 2 of the Agreement and Amendment (collectively, the "Additional Services"). Orawin's Additional Services focused on helping Healthcare Delivered integrate its information-technology systems with SeniorDent in connection with their merger/acquisition transactions.

25. Orawin performed its Additional Services based on, and because of, definitive and specific statements and promises by Healthcare Delivered that Orawin would be compensated for those Additional Services.

26. Specifically, Healthcare Delivered stated and promised to Orawin that, if Orawin performed those Additional Services, Healthcare Delivered would enter into a new agreement, separate and apart from the Agreement and Amendment (the "Promised New Agreement"). Healthcare Delivered further stated and promised that Orawin would be compensated under the Promised New Agreement for the substantial amount of hours expended, and costs incurred, in performing the Additional Services.

27. Based on Healthcare Delivered's statements and promises, Orawin performed substantial Additional Services from December 2014 through September 2015. Orawin spent over 3,000 hours of time performing these Additional Services, and incurred over $30,000.00 in travel and third-party expenses, during that timeframe.

28. However, in or around November 2015, Healthcare Delivered made clear that it would not pay Orawin for the Additional Services, contrary to its statements and promises, by entering into the Promised New Agreement or otherwise.

29. Healthcare Delivered has failed and refused to pay Orawin for the Additional Services despite its statements and promises to the contrary.

### COUNT I – BREACHES OF THE AGREEMENT AND AMENDMENT
#### (Failures To Pay for Consulting Services)

30. Orawin realleges Paragraphs 1 through 29 of its Complaint as if fully set forth herein.

31. The Agreement and Amendment are valid and enforceable contracts under which Healthcare Delivered has duties to pay Orawin for Consulting Services during the initial three-year term and the automatically renewed two-year term.

32. Orawin satisfied its duties under the Agreement and Amendment by performing Consulting Services.

33. Healthcare Delivered materially breached the Agreement and Amendment by failing and refusing to pay Orawin for Consulting Services.

34. As a direct and proximate cause of Healthcare Delivered's material breaches of the Agreement and Amendment, Orawin has suffered significant damages, including without limitation: (a) over $29,000.00 owed for Consulting Services performed in October 2015 and November 2015; (b) over $58,000.00 owed for Consulting Services from December 2015

through the remaining Initial Term of the Agreement and Amendment (April 1, 2016); and (c) $174,500.00 for the least amount due if Healthcare Delivered were to terminate the Agreement and Amendment by paying 50% of fees due for the automatically renewed two-year term.

WHEREFORE, for the reasons set forth above, Orawin prays that judgment be entered in its favor against Healthcare Delivered, and that the Court award Orawin damages of over $261,500.00 under this Count I, as well as prejudgment interest, costs, and such other relief to Orawin as the Court deems just and proper.

### COUNT II – ANTICIPATORY REPUDIATIONS
### (Refusals to Perform the Agreement and Amendment)

35. Orawin realleges Paragraphs 1 through 34 of its Complaint as if fully set forth herein.

36. Healthcare Delivered committed anticipatory repudiations of the Agreement and Amendment by making clear and definitive statements that it was not going to satisfy its duties under the Agreement and Amendment, including its duties to pay Orawin for Consulting Services.

37. Healthcare Delivered's statements reflected a clear intent to no longer be bound by the Agreement and Amendment, thereby constituting anticipatory repudiations and excusing Orawin from its performance obligations.

38. As a direct and proximate cause of Healthcare Delivered's anticipatory repudiations of the Agreement and Amendment, Orawin has suffered significant damages, including without limitation: (a) over $29,000.00 owed for Consulting Services performed in October 2015 and November 2015; (b) over $58,000.00 owed for Consulting Services from December 2015 through the remaining Initial Term of the Agreement and Amendment (April 1, 2016); and (c) $174,500.00 for the least amount due if Healthcare Delivered were to terminate

the Agreement and Amendment by paying 50% of fees due for the automatically renewed two-year term.

WHEREFORE, for the reasons set forth above, Orawin prays that judgment be entered in its favor against Healthcare Delivered, and that the Court award Orawin damages of over $261,500.00 under this Count II, as well as prejudgment interest, costs, and such other relief to Orawin as the Court deems just and proper.

### COUNT III – BREACHES OF VERBAL CONTRACT
### (Failures To Pay for Additional Services)

39. Orawin realleges Paragraphs 1 through 29 of its Complaint as if fully set forth herein.

40. Healthcare Delivered and Orawin entered into a valid and enforceable verbal contract under which Healthcare Delivered promised to pay Orawin for its Additional Services.

41. Orawin satisfied its duties under the verbal contract by performing its Additional Services.

42. Healthcare Delivered materially breached the verbal contract by failing and refusing to pay Orawin for its Additional Services by entering into the Promised New Agreement or otherwise.

43. As a direct and proximate cause of Healthcare Delivered's material breaches of the verbal contract, Orawin has suffered significant damages, including without limitation: (a) over $400,000.00 for more than 3,000 hours of time spent by Orawin in performing its Additional Services; and (b) over $30,000.00 of travel and third-party expenses incurred by Orawin in performing its Additional Services.

WHEREFORE, for the reasons set forth above, Orawin prays that judgment be entered in its favor against Healthcare Delivered, and that the Court award Orawin damages of at least

$430,000.00 under this Count III, as well as prejudgment interest, costs, and such other relief to Orawin as the Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT
## (ALTERNATIVE TO COUNT III)
## (Failures To Pay for Additional Services)

44. Orawin realleges Paragraphs 1 through 29, and 39 through 43 of its Complaint as if fully set forth herein.

45. Healthcare Delivered has breached its verbal contract with Orawin by failing and refusing to pay for Orawin's Additional Services, as alleged above in Count III. If, however, Healthcare Delivered is not held liable under Count III for breaches of its verbal contract, Healthcare Delivered should be held liable because it has been unjustly enriched.

46. Orawin performed Additional Services with the expectation of receiving compensation by Healthcare Delivered. Healthcare Delivered knew that Orawin expected to receive compensation from Healthcare Delivered for those Additional Services.

47. Healthcare Delivered received substantial benefits through the Additional Services performed by Orawin.

48. Healthcare Delivered has failed to pay compensation that Orawin expected to receive for the Additional Services.

49. Healthcare Delivered has unjustly enriched itself at the expense of Orawin.

50. It would be inequitable for Healthcare Delivered to retain the benefits conferred on it by Orawin.

51. Healthcare Delivered's retention of benefits violates fundamental principles of justice, equity, and good conscience.

52. As a direct and proximate cause of Healthcare Delivered's unjust enrichment, Orawin has suffered significant damages, including without limitation: (a) over $400,000.00 for more than 3,000 hours of time spent by Orawin in performing its Additional Services; and (b) over $30,000.00 of travel and third-party expenses incurred by Orawin in performing its Additional Services.

WHEREFORE, for the reasons set forth above, Orawin prays that judgment be entered in its favor against Healthcare Delivered, and that the Court award Orawin damages of at least $430,000.00 under this alternative Count IV, as well as prejudgment interest, costs, and such other relief to Orawin as the Court deems just and proper.

### JURY DEMAND

Orawin hereby demands a jury trial for all of the counts triable by a jury in this Complaint.

Dated: January 4, 2016

Respectfully submitted,

**ORAWIN TECHNOLOGY, LLC**
**Plaintiff**

By: /s/ Hillard M. Sterling
One of Its Attorneys

Hillard M. Sterling, Esq.
ARDC # 6232655
Christina M. Liu, Esq.
ARDC # 6293238
Winget, Spadafora & Schwartzberg, LLP
135 South LaSalle Street, Suite 1921
Chicago, Illinois 60603
Phone: (312) 985-5600
Facsimile: (312) 985-5601