# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ORAWIN TECHNOLOGY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 19 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| HEALTHCARE DELIVERED, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Believing it has been stiffed by Defendant Healthcare Delivered, LLC ("HCD"), Plaintiff Orawin Technology, LLC ("Orawin") filed this lawsuit alleging that HCD both breached and anticipatorily repudiated the parties' agreement under which HCD was obligated to pay Orawin $14,500 per month for consulting services related to a software platform called Dental Soft (Count I and II). Orawin additionally alleges that throughout their relationship, Orawin provided services to HCD that went beyond the scope of their contract for consulting services, even though those services dealt with the Dental Soft platform, and for which it has not been paid. To recoup for these services, Orawin alleges a breach of oral contract (Count III) and unjust enrichment (Count IV). The parties have filed cross-motions for summary judgment [43,45]. Because there is a dispute as to material facts regarding whether Orawin has suffered damages as a result of HCD's breach of contract, the Court denies both parties' motions for summary judgment on the breach of contract claim (Count I). Because HCD had already breached the contract before Orawin filed this suit, rendering HCD's breach actual and not anticipatory, and because Orawin did not provide evidence of an unequivocal communication from HCD repudiating the contract before payment was due, the Court grants HCD's motion for summary

judgment on the anticipatory repudiation claim (Count II).  Orawin has withdrawn its breach of oral agreement claim, thus the Court grants HCD's motion for summary judgment on that claim (Count III).  Finally, because the additional services provided by Orawin fall under the same subject matter covered by the contract between HCD and Orawin, the unjust enrichment claim fails and the Court grants HCD's motion for summary judgment on that claim (Count IV).

## BACKGROUND[1]

Orawin is a software technology consulting company, based in Illinois.  Oleg Shulzhenko ("Shulzhenko") is the owner, sole member of Orawin, and appears to be the sole employee.  The company is based in Shulzhenko's home.  Orawin developed a software package called Dental Soft in 2002 for SeniorDent, Inc. ("SeniorDent"), a dental management company that focuses on providing dental care to nursing home residents.  SeniorDent is owned by Frank Camarda and Rich Sawicz.

On April 1, 2013, SeniorDent and Orawin entered into a Consulting Services Agreement ("CSA"), pursuant to which Orawin is to provide "all services required to maintain the [Dental Soft] dental and vision operating systems.  To provide all modifications to the system as determined by [SeniorDent]."  Doc. 47 ¶ 17.  In exchange for these services, SeniorDent agreed to pay Orawin $11,000 per month upon the receipt of an invoice from Orawin.  The CSA also includes a termination clause which stated that the agreement will remain in effect for three years, at which time it will automatically renew for an additional two year term.  If, at that time, SeniorDent desires to terminate the contract, it may do so by paying 50% of any fees remaining under the contract.

---

[1] The facts in this section are derived from the Joint Statement of Undisputed Facts ("JSUF").

On December 31, 2014, SeniorDent merged with Senior Dental Care ("SDC"), a company owned by Tony Layne ("T. Layne") and Cassi Layne ("C. Layne"), to form Innovated Healthcare Investments, LLC ("IHI"). However, after the merger, SeniorDent continued operating as a separate company, and continued using Dental Soft, which Shulzhenko continued servicing. Simultaneously, SDC used a different practice management software called Denticon and did not use Dental Soft. On May 31, 2015, IHI merged with MobileCare2U LLC ("MC2") to form Healthcare Delivered LLC ("HCD"). MC2 used a third software program, called Salesforce, and did not use Dental Soft.

Around the time of the first merger, Shulzhenko began receiving emails from C. Layne. C. Layne worked with Shulzhenko to develop lists of tasks for Shulzhenko to perform in relation to Dental Soft. Shulzhenko testified that these tasks included customizations to Dental Soft that went beyond the scope of the CSA. C. Layne testified that she does not have computer programming experience and does not know what constitutes a modification or a customization to software. Shulzhenko testified that he told C. Layne that the work she was asking him to do was outside the contract and she told him he would be compensated. Shulzhenko stated that as the work increased he again spoke with C. Layne and told her that he would need to sign a new contract or change the terms to his current contract because of the extra work.

On August 1, 2015, HCD and Orawin entered into the First Amendment to Consulting Services Agreement (the "Amendment"). The Amendment transferred all rights and obligations under the CSA from SeniorDent to HCD. It also increased Orawin's monthly fee from $11,000 to $14,500. Shulzhenko testified that the increase in the monthly fee was to account for the additional services Orawin provided to HCD, including customizations, maintenance, and

3

modifications. However, Shulzhenko also testified that the Amendment did not include payment for the customization work he had done for HCD.

Following the signing of the Amendment, Shulzhenko continued to perform consulting services for HCD. He never entered into a written agreement specifically providing for payment for customization services at an hourly rate outside of the Amendment or the CSA. Orawin never submitted any invoice to HCD for these services and never claimed to Camarda that HCD owed Orawin more than $14,500 per month.

On November 30, 2015, the merger of SeniorDent into HCD proved unsuccessful and HCD decided to distribute SeniorDent to F&R Holdings I, LLC, a holding company owned by Camarda and Sawicz, the original owners of SeniorDent. Pursuant to the distribution agreement, HCD transferred to F&R all of its rights to SeniorDent including the rights to its domain names and Dental Soft. Around the same time, Shulzhenko sent an invoice to HCD seeking payment for his October consulting services. He contacted C. Layne to ask for payment and she told him to seek payment from Camarda and Sawicz.

Following the distribution, SeniorDent held discussions with Shulzhenko about him continuing to maintain Dental Soft for SeniorDent. In December 2015, Shulzhenko formed a new company, O&O Holdings, LLC, which is based in his home and of which he is the sole owner and member. SeniorDent paid O&O $14,500 on December 7, 2015 and has continued to pay O&O this amount every month since, during which time Shulzhenko has continued to maintain Dental Soft for SeniorDent. Since the distribution, Shulzhenko also has continued to maintain URLs for HCD. HCD has not made any payments to Orawin, Shulzhenko, or any other entity Shulzhenko controls since November 30, 2015. Orawin filed the present suit in January 2016.

**LEGAL STANDARD**

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. Of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002).

**ANALYSIS**

**I.      Breach of Contract (Count I)**

Orawin alleges that HCD breached the parties' agreement when it ceased making monthly payments to Orawin in November 2015. Both Orawin and HCD have moved for summary judgment on Orawin's breach of contract claim. A breach of contract claim under Illinois law requires the plaintiff to prove "(1) the existence of a valid and enforceable contract;

(2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Assocs., Inc. v. Nahamani Family Serv. Ctr. Inc.*, 752 N.E. 2d 33, 43, 323 Ill. App. 3d 15, 256 Ill. Dec. 488 (Ill. App. Ct. 1st Dist. 2001).

  *A. Contract*

There is no dispute that Orawin and HCD entered into a valid, enforceable contract in August 2015 in which HCD assumed the rights and responsibilities of SeniorDent under the CSA and agreed to increase Orawin's monthly consulting fee to $14,500. Therefore Orawin satisfies the first element.

  *B. Performance*

Further, there is no dispute that Orawin performed its obligations under the contract through November 30, 2015. HCD argues, however, that because Orawin has not continued providing services to HCD after November 30, 2015, Orawin has failed to perform under the contract and cannot recover. HCD asserts that because it spun off SeniorDent and transferred its interests in Dental Soft to SeniorDent, it was impossible for Orawin to continue fulfilling its end of the contract.

Orawin fully performed under the contract until at least November 30, 2015, and only stopped performing after HCD breached the contract and failed to pay for the services Orawin rendered in October and November 2015. Because Orawin continued to perform the contract until HCD breached the agreement, it has satisfied the second element and is not required to continue performance to sue for breach. *See Emerald Investments Ltd. P'ship v. Allmerica Fin. Life Ins. & Annuity Co.*, 516 F.3d 612, 618 (7th Cir. 2008) (if a party to a contract breaches that contract, the other party may stop performing and sue for damages).[2]

---

[2] Orawin also asserts that it has continued performing under the contract. In support Orawin states that it is maintaining URLs for HCD and maintained HCD's "dashboard." Doc. 55 at 5. These functions are at

*C. Breach*

There is no dispute that HCD never paid Orawin for any services rendered in October or November 2015, and did not make any other payments to Orawin after November 30, 2015. This is a breach of HCD's obligations under the CSA and Amendment and satisfies the third element. Orawin having established the first three elements of its breach of contract claim, the Court moves to damages.

*D. Damages*

A breach of contract suit should place the aggrieved party in the same, and no better, position had the breaching party performed under the contract. *Roboserve, Inc. v. Kato Kagaku Co.*, 78 F. 3d 266, 278 (7th Cir. 1996). Under the CSA and Amendment, HCD is obligated to pay Orawin $14,500 per month for the remaining period of the Initial Term of the Agreement, which ended on April 1, 2016, and to pay 50% of the amount due under the automatic two-year extension, totaling $174,000. Therefore, the total possible liability for HCD for breach of contract is $232,000.

However, there is an important wrinkle in this case. Following the November 30, 2015 distribution, HCD stopped paying Orawin the $14,500 per month for consulting services relating to the maintenance and modification of Dental Soft, but SeniorDent began paying O&O, a new company owned by Oleg Shulzhenko, $14,500 per month for services related to Dental Soft. SeniorDent continues to make these monthly payments to this day. HCD argues that allowing Orawin to recover under the contract, when a second company, owned by the same owner,

---

most ancillary to the primary purpose of the contract and there is no evidence that HCD has retained any benefits whatsoever from this ongoing partial performance. *Royal Ornamental Iron, Inc. v. Devon Bank*, 336 N.E. 2d 105, 111, 32 Ill. App. 3d 101 (1975) (Illinois law allows a plaintiff to recover for partial performance where it is performed in good faith and the defendant retained the benefit of the partial performance.). Because there is no evidence that HCD has retained any benefit from Orawin's continued maintenance of the URLs and dashboard, these actions provide no basis for Orawin's recovery.

7

performing the same services to SeniorDent, is being fully compensated for those services, would provide Orawin (and Shulzhenko) with an impermissible windfall. Orawin, apparently conceding the point that O&O is for all intents and purposes the same as Orawin, argues that HCD does not explain how "Orawin has 'not been damaged' merely because Orawin has a separate contractual agreement with a distinct company for unrelated services in connection with the DentalSoft system." Doc. 55 at 7. Orawin also states that the services it provides to SeniorDent are distinct from those owed under the contract with HCD and even if they were identical that would not eliminate HCD's obligations under its contract with Orawin.

Based on the record and arguments the parties have presented to date the Court cannot rule in favor of either party on the breach of contract claim because it cannot make a determination as to whether Orawin has been damaged. Should the parties wish to resolve this issue without proceeding to trial, they should brief whether and to what extent HCD's breach damaged Orawin or in the alternative, whether Orawin is barred from recovery because it failed to take reasonable efforts to mitigate its damages. HCD did not move for summary judgment on a failure to mitigate theory, but given the overlapping issues of fact and law and the damages questions, and given that HCD raised failure to mitigate as an affirmative defense in its Answer, the Court believes addressing the issue simultaneously with the issue of damages will best serve judicial efficiency. Therefore, the Court denies both parties' motions for summary judgment on Count I.

## II. Anticipatory Repudiation (Count II)

The parties cross-move for summary judgment on Orawin's anticipatory repudiation claim. To win on an anticipatory repudiation claim, a plaintiff must prove (1) the defendant repudiated the contract; (2) the conditions of the contract could be fulfilled had the defendant not repudiated the contract; and (3) damages resulted from the repudiation. *Pope ex rel. Pope v.*

8

*Econ. Fire & Cas. Co.*, 779 N.E. 2d 461, 465, 335 Ill. App. 3d 41, 268 Ill. Dec. 847 (2002). The repudiation must "clearly and unequivocally be that it will not render the promised performance when it becomes due." *Id.* (citing *In re Marriage of Olsen,* 528 N.E. 2d 684, 686, 124 Ill. 2d 19, 123 Ill. Dec. 980 (1988)). "There is no anticipatory repudiation if a party does no more than make doubtful or indefinite statements that it will not perform or that it will perform only within its interpretation of the contract." *Draper v. Frontier Ins. Co.*, 638 N.E. 2d 1176, 1181, 265 Ill. App. 3d 739, 203 Ill. Dec. 50 (1994).

Orawin asserts that HCD clearly and unequivocally repudiated the contract when C. Layne stated that HCD does not work with "Rich [Sawicz] and Frank [Camarda] anymore," and that Shulzhenko should call "and ask for payment from them." Doc. 47 ¶ 71. This statement is far from a clear and unequivocal repudiation of HCD's obligations under the contract, and is insufficient to support a claim for anticipatory repudiation. But this is of little consequence, because a claim for anticipatory repudiation is simply a breach of contract claim that entitles the payee to sue before the date when payment was due. *Cent. States, Se. & Sw. Areas Pension Fund v. Basic Am. Indus., Inc.*, 252 F.3d 911, 915 (7th Cir. 2001). Here, Orawin filed suit in January 2016, after payment was already due from HCD. Therefore, the breach was not anticipated, but had already occurred. An actual failure to pay is better evidence of a party's breach than any statement of future intent. This renders moot any claim for anticipatory repudiation, regardless of the clarity of the repudiation. Orawin has failed to adduce sufficient evidence to prove its claim for anticipatory breach, therefore, the Court grants HCD's motion for summary judgment on Count II.

### III.     Unjust Enrichment (Count IV)

The parties cross-move for summary judgment on Orawin's unjust enrichment claim. Orawin alleges that it provided over 3,000 hour of software customization services to HCD between December 2014 and November 2015, which was both outside of the scope of Orawin's contracts with SeniorDent and HCD and uncompensated. HCD asserts that it is entitled to judgment on this claim because an unjust enrichment claim cannot stand alone under Illinois law and because the relationship between Orawin and HCD is covered by an express, written agreement, which bars an unjust enrichment claim. Orawin, on the other hand, argues that despite the existence of a contract between Orawin and HCD, the services for which Orawin seeks to recover are outside the scope of the agreement.

"When two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 571 (7th Cir. 2016). However, the express contract need not cover the specific subject matter at issue to block an unjust enrichment claim; if the contract covers the same general subject matter that is sufficient. *Murray v. ABT Assocs., Inc.*, No. 92 C 3898, 1993 WL 317258, at *4 (N.D. Ill. Aug. 18, 1993), *aff'd*, 18 F.3d 1376 (7th Cir. 1994). The subject matter of the contract governs, not whether the contract contains the specific terms of provisions related to the claim. *Utility Audit, Inc. v. Horace Mann Service Corp.*, 383 F.3d 683, 689 (7th Cir. 2004). When defining the subject matter of a contract, Illinois courts broadly construe the contract. *See Stevens v. Interactive Fin. Advisors, Inc.*, No. 11 C 2223, 2015 WL 791384, at *16 (N.D. Ill. Feb. 24, 2015), *aff'd in part*, 830 F.3d 735 (7th Cir. 2016) (*citing Indus. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.*, 432 N.E. 2d 999, 1002, 104 Ill. App. 3d 357, 60 Ill. Dec. 100 (1982)).

There is no dispute that the parties had a contract during the relevant time period under which Orawin would "provide . . . all services required to maintain the [Dental Soft] dental and vision operating systems. To provide all modifications to the system as determined by client." Doc. 1 Ex. B at 2. Orawin argues that the services for which it is seeking compensation are beyond the scope of this agreement because they were not "modifications" but instead "customizations," which required substantial work in generating new code from scratch and went far beyond simple modifications to the system. HCD does not dispute that the work Orawin did was substantial and complicated, but argues that the entire relationship falls under the CSA and Amendment and thus the unjust enrichment claim cannot stand.

The relevant subject matter of the CSA and Amendment is the maintenance and modification, as directed by the client, of the Dental Soft system. "Under Illinois law, which the parties agree governs, contract terms are interpreted according to their plain meaning unless otherwise defined." *Utility Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688 (7th Cir. 2004). The Agreement does not define "modifications," therefore the Court looks to its plain meaning. The Illinois Supreme Court looks to dictionary definitions for guidance of plain meaning under such circumstances. *See Valley Forge Ins. Co. v. Swiderski Elecs.*, Inc., 860 N.E. 2d 307, 316, 223 Ill. 2d 352, 307 Ill. Dec. 653 (2006) (For the plain meaning of words "we look to their dictionary definitions."). A modification is "an act or instance of modifying; the state of being modified; partial alteration." *Modification Definition*, Dictionary.com, http://www.dictionary.com/browse/modification (last visited September 11, 2017). And modify means "to change somewhat the form or qualities of; alter partially; amend." *Modify Definition*, Dictionary.com, http://www.dictionary.com/browse/modify (last visited September 11, 2017).

Modifications are changes short of a complete overhaul, but this is an issue of degree not of subject matter.

That the CSA and Amendment do not cover some of the alleged "customizations" Orawin provided does not mean those services are so outside the scope of the contract that Orawin can recover for them through unjust enrichment. "If a quasi-contract action could be brought every time a party under contract performs a service not precisely covered by the contract, then the rule preventing quasi-contract actions when a contract exists would have little meaning." *Indus. Lift Truck Serv. Corp.*, 432 N.E. 2d at 1002. Here, broadly viewing the subject matter of the contract, the "customizations" fall within the CSA and Amendment's subject matter and bar Orawin's claim for unjust enrichment. The Court grants HCD's motion for summary judgment on Count IV.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part HCD's motion for summary judgment [43] and denies Orawin's motion for summary judgment [45]. The Court enters judgment in HCD's favor on Counts II, III, and IV. The parties are to meet and confer to discuss how they wish to proceed on determining the damages element of Count I.

Dated: September 18, 2017

_____
SARA L. ELLIS
United States District Judge