# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ORAWIN TECHNOLOGY, LLC, | ) |
| Plaintiff, | ) |
| | ) No. 16 C 19 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| HEALTHCARE DELIVERED, LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Court previously granted Defendant Healthcare Delivered, LLC's ("HCD") motion for summary judgment on all but one of Plaintiff Orawin Technology, LLC's ("Orawin") claims. On the remaining breach of contract claim, the parties cross moved for summary judgment [43, 45], but the Court denied both motions. On the briefing provided, the Court was unable to determine whether Orawin suffered damages resulting from HCD's breach. The Court granted the parties leave to file supplemental briefing on the damages issue and HCD's related affirmative defense that Orawin failed to mitigate its damages. The Court now finds that Orawin had the opportunity to completely mitigate any damages it may have incurred from HDC's breach, but it elected not do to so and thus failed to meet its duty to mitigate damages. Thus, the Court grants HCD's motion for summary judgment and denies Orawin's motion for summary judgment.

# BACKGROUND[1]

Orawin is a software technology consulting company based in Illinois. Oleg Shulzhenko ("Shulzhenko") is the owner and sole member of Orawin, and he appears to be the sole employee. The company is based in Shulzhenko's home. Orawin developed a software package called Dental Soft in 2002 for SeniorDent, Inc. ("SeniorDent"), a dental management company that focuses on providing dental care to nursing home residents. Frank Camarda and Rich Sawicz own SeniorDent.

On April 1, 2013, SeniorDent and Orawin entered into a Consulting Services Agreement ("CSA"), pursuant to which Orawin was to provide "all services required to maintain the [Dental Soft] dental and vision operating systems. To provide all modifications to the system as determined by [SeniorDent]." Doc. 47 ¶ 17. In exchange for these services, SeniorDent agreed to pay Orawin $11,000 per month upon the receipt of an invoice from Orawin. The CSA also includes a termination clause that stated that the agreement will remain in effect for three years, at which time it will automatically renew for an additional two-year term. If, at that time, SeniorDent desired to terminate the contract, it could do so by paying 50% of any fees remaining under the contract.

On December 31, 2014, SeniorDent merged with Senior Dental Care ("SDC"), a company owned by Tony Layne ("T. Layne") and Cassi Layne ("C. Layne"), to form Innovated Healthcare Investments, LLC ("IHI"). However, after the merger, SeniorDent continued operating as a separate company and continued using Dental Soft, which Shulzhenko continued servicing. Simultaneously, SDC used a different practice management software called Denticon

---

[1] The Background section is substantially similar to the Background section in the Court's prior Order but is supplemented with additional facts included in the Supplemental Joint Statement of Undisputed Facts ("SJSUF") [86].

and did not use Dental Soft. On May 31, 2015, IHI merged with MobileCare2U LLC ("MC2") to form Healthcare Delivered, LLC ("HCD"). MC2 used a third software program, called Salesforce, and did not use Dental Soft.

On August 1, 2015, HCD and Orawin entered into the First Amendment to Consulting Services Agreement (the "Amendment"). The Amendment transferred all rights and obligations under the CSA from SeniorDent to HCD. It also increased Orawin's monthly fee from $11,000 to $14,500. Shulzhenko testified that the increase in the monthly fee was to account for the additional services Orawin provided to HCD, including customizations, maintenance, and modifications to Dental Soft.

On November 30, 2015, the merger of SeniorDent into HCD proved unsuccessful and HCD decided to distribute SeniorDent to F&R Holdings I, LLC ("F&R"), a holding company owned by Camarda and Sawicz, the original owners of SeniorDent. Pursuant to the distribution agreement, HCD transferred to F&R all its rights to SeniorDent, including the rights to Dental Soft. Around the same time, Shulzhenko sent an invoice to HCD seeking payment for his October consulting services. He contacted C. Layne to ask for payment and she told him to seek payment from Camarda and Sawicz.

Following the distribution, SeniorDent held discussions with Shulzhenko regarding his continuing to maintain Dental Soft for SeniorDent. In December 2015, Shulzhenko formed a new company, O&O Holdings, LLC, which is based in his home and of which he is the sole owner and member. Shulzhenko organized O&O "to create an entity separate from Orawin . . . through which to provide services to SeniorDent." Doc. 86 ⁋ 3. SeniorDent paid O&O $14,500 on December 7, 2015 and has continued to pay O&O this amount every month since, during which time Shulzhenko has continued to maintain Dental Soft for SeniorDent. The iteration of

Dental Soft Shulzhenko maintains for SeniorDent is related to the version he maintained for HCD but has undergone significant revisions to suit SeniorDent's business needs. HCD has not made any payments to Orawin, Shulzhenko, or any other entity Shulzhenko controls since November 30, 2015. Orawin filed the present suit in January 2016.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The same standard applies when considering cross-motions for summary judgment. *Int'l Bhd. Of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002).

ANALYSIS

Orawin alleges that HCD breached the parties' agreement when it ceased making monthly payments to Orawin in November 2015. Both Orawin and HCD have moved for summary judgment on Orawin's breach of contract claim. A breach of contract claim under Illinois law requires the plaintiff to prove "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Assocs., Inc. v. Nahamani Family Serv. Ctr. Inc.*, 752 N.E. 2d 33, 43, 323 Ill. App. 3d 15, 256 Ill. Dec. 488 (Ill. App. Ct. 1st Dist. 2001). In its prior Order on the cross-motions for summary judgment, the Court ruled in Orawin's favor on the first three elements of its breach of contract claim but found that it could not rule in favor of either party on the issue of damages based on the parties' briefing. The Parties have now filed supplemental briefing on the damages issue. Because Orawin[2] has failed to attempt to mitigate its damages despite a clear, available opportunity to do so, the Court grants HCD's motion for summary judgment on the breach of contract claim.

Following the November 30, 2015 distribution, HCD stopped paying Orawin the $14,500 per month for consulting services related to the maintenance and modification of Dental Soft, but SeniorDent began paying O&O, a new company owned by Shulzhenko, $14,500 per month for services related to Dental Soft. SeniorDent continues to make these monthly payments to this day. HCD argues that even if Orawin can prove damages, its claim still fails because Shulzhenko could have contracted with SeniorDent through Orawin, completely mitigating its

---

[2] HCD did not directly argue that the Court should disregard the distinction between O&O and Orawin because they are clear examples of an individual simply using the LLC structure to conduct his business and recognizing them as distinct entities would result in an injustice. *See Cohen v. Basil*, 2013 IL App (2d) 120785-U, 2013 WL 2395017, ¶ 73 ("[A] court may disregard a corporate entity and pierce the veil of limited liability where the corporation is merely the alter ego or business conduit of another person or entity."). This would likely be an independent basis for finding that Orawin, as the alter ego of Shulzhenko, was not damaged by HCD's breach.

alleged damages.  HCD is correct.  "As a general rule, a party cannot recover damages for loss that he could have avoided by reasonable efforts." Restatement (Second) of Contracts § 350. Orawin was required to "exercise reasonable diligence and ordinary care in attempting to minimize the damages after injury has been inflicted." *Ner Tamid Congregation of N. Town v. Krivoruchko*, 638 F. Supp. 2d 913, 920 (N.D. Ill. 2009).  If HCD could prove Orawin could have reasonably avoided some loss by making substitute arrangements, the amount of loss that Orawin could have avoided will be subtracted from the amount that Orawin otherwise could have recovered.  *Id.*

Under the CSA and Amendment, HCD was obligated to pay Orawin $14,500 per month for the remaining period of the Initial Term of the Agreement, which ended on April 1, 2016, and to pay 50% of the amount due under the automatic two-year extension, totaling $174,000. Therefore, the total possible liability for HCD for breach of contract is $232,000.  It is undisputed that HCD has not paid Orawin any of this money.

There is also no dispute that Orawin made no effort to make substitute arrangements to avoid some of this loss.  Orawin appears to not only have fallen short of its duty to exercise reasonable diligence and ordinary care in attempting to minimize the loss, it made no effort at all. Furthermore, there is no dispute that Shulzhenko could have contracted with SeniorDent through Orawin rather than set up a new company, O&O, for the sole purpose of entering into the agreement with SeniorDent.  Had Shulzhenko done so, Orawin would have received $14,500 per month from SeniorDent for Shulzhenko providing software maintenance services.  This is a straightforward case of Orawin failing to satisfy its duty to mitigate damages despite a clear opportunity to do so with the exercise of reasonable diligence and ordinary care.  Orawin, however, raises three arguments in an attempt to counter this conclusion: (1) the software

6

application O&O supports for SeniorDent is different from the application Orawin was contracted to support for Orawin; (2) there is no basis to ignore the distinct identities of O&O and Orawin; and (3) Orawin could not have done anything to increase or decrease is damages under the CSA because they are a liquidated sum calculated in the contract itself.

Under the CSA, HCD agreed to pay Orawin $14,500 per month "to provide, all services required to maintain the 'SeniorDent' dental and vision operating systems. To provide all modifications to the system as determined by Client [SeniorDent]. These functions encompass, membership maintenance, billing processes, report generation (routine and special), systems security, and data back-up." Doc. 47 ¶ 17. The SeniorDent dental and vision operating system is Dental Soft. *Id.* ¶ 18. In November 2015, HCD distributed SeniorDent to F&R. As part of this distribution, HCD transferred its ownership of Dental Soft to F&R. Camarda and Sawicz, the owners of F&R, then spoke with Shulzhenko about him continuing to maintain the Dental Soft software for SeniorDent. Doc. 47 ¶ 51. Camarda and Sawicz asked Shulzhenko to "support an earlier version of the Dental Soft software that he had previously developed for them." Doc. 86 ¶ 1. This version also includes updates that allow SeniorDent to give the software greater functionality beyond dental and vision. *Id.* ¶ 6. Since HCD transferred Dental Soft to F&R, the software has undergone substantial changes to fit SeniorDent's business needs.

Orawin does not explain the significance of the changes to the Dental Soft software to the mitigation analysis. It simply sums up its argument as, "there can be no windfall to Orawin because O&O is required to provide different services in order to receive its compensation from SeniorDent." Doc. 87 at 10. The duty to mitigate requires a party to attempt to make substitute arrangements, not identical arrangements. *Ner Tamid Congregation of N. Town*, 638 F. Supp. 2d at 920. The work O&O is doing for SeniorDent directly led from the work Orawin was doing for

7

HCD when SeniorDent was part of HCD. The version of Dental Soft O&O is maintaining for SeniorDent is a descendant of the software Orawin serviced for HCD. Furthermore, when Shulzhenko was discussing working with SeniorDent after the distribution, Camarda and Sawicz did not express a preference that he do so through an entity separate from Orawin. Additionally, Shulzhenko is doing the work on behalf of O&O, so presumably he just as easily could have done the same work on behalf of Orawin. Thus, the opportunity for Orawin to provide these services was available, and Shulzhenko did not take it simply "because he wanted it to be separate from Orawin, which was a distinct business enterprise that was undertaking different projects." Doc. 86 ⁋ 4. Thus, Orawin working for SeniorDent was an available substitute arrangement Orawin could have undertaken to mitigate its loss, yet it elected not to do so.

Orawin next argues that there is no basis to ignore the separate corporate entities of Orawin and O&O. Even if this is true, which the Court doubts, it does nothing to change the mitigation analysis. As noted above, Orawin had the opportunity to make substitute arrangements and Shulzhenko did not take that opportunity for Orawin. Had some other company completely unrelated to Shulzhenko and Orawin then stepped in to service Dental Soft, Orawin still would have failed to meet its duty to mitigate by failing to take any steps to seize a ready opportunity.

Finally, Orawin argues that because the damages in this case are derived from a contract's liquidated damages provision, there is nothing Orawin could have done to decrease its damages. Orawin cites no authority for the position that the presence of a liquidated damages clause obviates the duty to mitigate—likely because there is none. The Court need not consider this unsupported argument further. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.

1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

Ultimately Orawin has failed to meet its duty to mitigate its damages by pursuing substitute arrangements when HCD stopped paying on the CSA.[3] It is undisputed that Orawin had a clear opportunity to make substitute arrangements with almost no effort, yet declined to do so simply because its owner, Shulzhenko, found it more convenient to make those arrangements through a new, separate company: O&O. Because the substitute opportunity would have exactly off-set Orawin's alleged losses caused by HCD's breach, the net result is that whatever recovery Orawin might have had against HCD is reduced to zero. Because Orawin cannot recover any damages, the Court grants HCD's motion for summary judgment on the breach of contract claim and denies Orawin's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court grants HCD's motion for summary judgment [43]. This civil case is terminated.

Dated: October 16, 2018

_____
SARA L. ELLIS
United States District Judge

---

[3] Because the Court finds that even if Orawin could prove its damages, its claim would still fail, the Court need not rule on whether Orawin proved the damages element of its breach of contract claim.